# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Hampton, | Civil No. 18-541 (DWF/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Michael Kohler, | |
| Defendant. | |

David K. Snyder, Esq., Johnson & Turner, counsel for Plaintiff.

Christopher J. Harristhal, Esq., and John Anders Kvinge, Esq., Larkin Hoffman Daly & Lindgren, Ltd., counsel for Defendant.

## INTRODUCTION

This matter is before the Court on a Motion to Dismiss Counts Two and Three of the Complaint brought by Defendant Michael Kohler. (Doc. No. 4.) For the reasons set forth below, the Court grants in part and denies in part the motion.

## BACKGROUND

In this case Plaintiff alleges three counts: Breach of Contract (Count One), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two), and Unjust

Enrichment (Count Three).  (Doc. No. 1, Ex. 1 (Compl.).)[1]  The basis of the lawsuit involves an Employment Agreement and Restricted Stock Agreement Under the Milestone Systems, Inc. Stock Incentive Plan, that was signed in 2002 by Plaintiff and Defendant, who was the President of Milestone Systems, Inc. at the time.  (Compl. ¶ 5.)  The Restricted Stock Agreement awarded 760 shares of restricted Series B stock in Milestone to Plaintiff.  (*Id.* ¶ 6.)  In 2005, a First Amendment to the Restricted Stock Agreement increased Plaintiff's shares to 1,465.  (*Id.* ¶ 8.)  On or around April 29, 2016, Plaintiff and Milestone, along with other employees, executed a Termination and Release, which was signed by Plaintiff and Mark Greer, Milestone's President at the time.  (*Id.* ¶ 9.)  Plaintiff alleges that on or around April 28, 2016, Defendant received $4,000,000 in escrow and that Plaintiff is owed $164,903 based on the 1,465 unvested shares of the incentive stock plan.  (*Id.* ¶¶ 9-10.)  On or around April 29, 2016, Plaintiff and Defendant executed an Agreement with Respect to Post-Closing Amounts ("Post-Closing Agreement"), pursuant to which Defendant would pay Plaintiff his respective pro-rata portion of all Post-Closing Amounts.  (*Id.* ¶¶ 11, 12.)

Paragraph 3 of the Post-Closing Agreement provides:

> In order for an Employee to receive its pro rata portion of any Post-Closing Amounts, the Employee must be employed by the Company at the time of payment.  Notwithstanding the foregoing, however, an Employee remains eligible to receive its pro rata portion of Post-Closing Amounts (if any) if the Company terminates the Employee's employment without cause (as described in the Employee's employment agreement).

---

[1]     The case was originally filed in state court and was removed to this Court based on diversity jurisdiction.  (Doc. No. 1 ¶ 4.)

(*Id.* ¶ 13.)

On May 3, 2016, Milestone was acquired by Kudelski Group.  (*Id.* ¶ 14.)  In late August 2016, Kudelski Security, Inc. and Plaintiff executed a Confidential Separation Agreement and General Release, by which Plaintiff's employment ended as of September 30, 2016 without cause by either party.  (*Id.* ¶ 15.)  Defendant received the escrow funds in November 2017 and made disbursements to various employees, but not to Plaintiff.  (*Id.* ¶ 16.)  Plaintiff alleges that Defendant refuses to pay Plaintiff his pro-rata share of the Post-Closing amounts in breach of the Post-Closing Agreement.  (*Id.* ¶ 18.)

Defendant now moves to dismiss Plaintiff's claims for unjust enrichment and implied covenant of good faith and fair dealing under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### I.   Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint,

matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.   Unjust Enrichment

In Count Three, Plaintiff alleges that Defendant received a benefit to which he was not entitled. (Compl. ¶¶ 31-36.) Specifically, Plaintiff alleges that Defendant received and kept the Post-Closing amounts due to Plaintiff under the Post-Closing Agreement, Defendant was not entitled to keep those amounts, and the circumstances are such that it would be unjust for Defendant to retain the benefit of the amounts. Defendant argues that this claim should be dismissed because the alleged unjust enrichment flows from Defendant's receipt of the Post-Closing amounts, and further that there is nothing in any pleading to suggest that the parties' rights will not be governed by the applicable

4

agreement. Defendant submits that because the relief sought for unjust enrichment is the same being sought for breach of contract, the claim for unjust enrichment should be dismissed. Plaintiff, on the other hand, argues that his unjust enrichment claim is pled in connection with his breach of contract claim and that there is no basis for eliminating the unjust enrichment claim until the applicability and ultimate effect of any contract has been determined.

A plaintiff is permitted to plead unjust enrichment in the alternative, even if the claim is inconsistent with his breach of contract claim. *See, e.g.*, *Segelbaum, Inc. v. MW Capital, LLC*, 673 F. Supp. 2d 875, 880 (D. Minn. 2009) (explaining that, at the motion to dismiss stage, plaintiff is permitted to pursue alternative theories that would provide remedies at law and equity). However, claims for breach of contract and unjust enrichment are mutually exclusive, and a party seeking relief for conduct that is governed by a contract cannot succeed on an unjust enrichment claim. *See Roth v. Life Time Fitness, Inc.*, Civ. No. 15-3270, 2016 WL 3911875, at *3 (D. Minn. July 14, 2016) (citations omitted). In support of his unjust enrichment claim, Plaintiff specifically alleges that "Defendant received and kept the Post-Closing Amounts due to Plaintiff under the Agreement with Respect to Post-Closing Documents" and further that Defendant is "not entitled to keep the value received." (Compl. ¶¶ 32-33.) There is nothing in Plaintiff's Complaint that suggests the parties' rights will not be governed by the applicable agreements or that Plaintiff demands performance outside of any applicable contracts. Moreover, Plaintiff's unjust enrichment claim is not pled in the

alternative. Instead, the claim appears to amount to an equitable claim based upon a contract claim. Accordingly, it is properly dismissed without prejudice.

### III.     Implied Covenant of Good Faith and Fair Dealing

In Count Two, Plaintiff alleges a breach of the implied covenant of good faith and fair dealing. (Compl. ¶¶ 27-30.) Plaintiff alleges that Defendant does not have a legal and contractual right to deny payment to Plaintiff and that Defendant's failure to perform has the purpose of thwarting Plaintiff's rights under the Post-Closing Agreement. (*Id.*)

Defendant argues that this claim should be dismissed because this case involves employment agreements and implied covenants of good faith and fair dealing are not read into employment contracts. *See, e.g.*, *Hunt v. IMB Mid Am. Emps. Fed. Credit Union*, 384 N.W.2d 853, 858-59 (Minn. 1986) ("[W]e have not read an implied covenant of good faith and fair dealing into employment contracts."). Defendant points out that all of the contracts referenced in the Complaint are employment agreements or pertain to compensation Plaintiff was to receive as a result of his employment. Further, Defendant submits that participation in the Post-Closing amounts was a function of the circumstances of employment termination, as defined by the Agreement. Thus, Defendant argues, no implied covenant of good faith and fair dealing can be read into the agreements.

Plaintiff disputes that the principle against implied covenants being read into employment contracts applies to the facts of this case. In particular, Plaintiff points out that Defendant does not cite to authority for the proposition that a shareholder's handling of a post-closing share payment agreement is not subject to the duty of good faith and fair

6

dealing simply because at one point there was an employment relationship and related agreements.  The Court agrees and finds that it is too early to determine whether Plaintiff has stated a viable claim for breach of good faith and fair dealing because it is not clear that the operative agreement is, indeed, an employment agreement.

## ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. [4]) is **GRANTED IN PART** and **DENIED IN PART** and Count Three is **DISMISSED WITHOUT PREJUDICE**.

Dated:  June 21, 2018                                         s/Donovan W. Frank
                                                                              DONOVAN W. FRANK
                                                                              United States District Judge